# NO. 12-21-00241-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AUTHOR JAMES MANNING, JR., APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *LONGVIEW SOCIAL SECURITY OFFICE, APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for failure to comply with the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.3(c).

Appellant, Author James Manning, Jr., filed a pro se notice of appeal on December 21, 2021. On January 3, 2022, the Clerk of this Court notified Appellant that the notice of appeal failed to contain the information specifically required by Texas Rule of Appellate Procedure 9.5 and Section 51.017(a) of the Texas Civil Practice and Remedies Code. *See* TEX. R. APP. P. 9.5 (service); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.017(a) (West Supp. 2019) (notice of appeal must be served on each court reporter responsible for preparing reporter's record). The notice warned that, unless Appellant filed a proper notice of appeal on or before February 2, the appeal would be referred to the Court for dismissal.[1] On January 21, Appellant filed what we

---

[1] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at *2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

construe to be an amended notice of appeal. And on January 25, Appellant filed another amended notice of appeal. Both notices still fail to comply with Rule 9.5 and Section 51.017(a).[2]

Because Appellant failed, after notice, to comply with Rule 9.5 and Section 51.017(a), the appeal is ***dismissed***.[3] *See* TEX. R. APP. P. 42.3(c) (on its own initiative after giving ten days' notice to all parties, appellate court may dismiss appeal if appeal is subject to dismissal because appellant failed to comply with a requirement of these rules, a court order, or a notice from the clerk requiring a response or other action within a specified time).

Opinion delivered January 26, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Appellant has failed to comply with Rule 9.5 on several occasions, despite the Clerk of this Court notifying Appellant that all documents must comply with Rule 9.5.

[3] This Court previously dismissed another of Appellant's appeals for failure to comply with the appellate rules and Section 51.017(a). *See **Interest of A.S.M.**,* No. 12-21-00005-CV, 2021 WL 761730 (Tex. App.—Tyler Feb. 26, 2021, no pet.) (mem. op.) (per curiam).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 26, 2022**

**NO. 12-21-00241-CV**

**AUTHOR JAMES MANNING, JR.,**
Appellant
V.
**LONGVIEW SOCIAL SECURITY OFFICE,**
Appellee

Appeal from the County Court at Law No 2

of Gregg County, Texas (Tr.Ct.No. 2021-1820-CCL2)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*